IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| EUGENE R. CHURCH, #05638-017, | ) | Civil Action No. 3:09-1339-HFF-JRM |
| | ) | |
| Plaintiff-Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ADMINISTRATOR HARRELL WATTS; | ) | **REPORT AND RECOMMENDATION** |
| MILDRED RIVERA, WARDEN FCI ESTILL; | ) | |
| ANITA JONES, CAMP ADMINISTRATOR | ) | |
| FCI ESTILL; | ) | |
| RIKANTAS MAJAUSKAS, MD, FCI & CAMP | ) | |
| PHYSICIAN, | ) | |
| | ) | |
| Defendants-Respondents. | ) | |
| | ) | |

Plaintiff filed this action on May 28, 2009.[1] He is an inmate at the Federal Correctional Institution at Estill, South Carolina ("FCI-Estill"). Plaintiff appears to be alleging claims concerning his medical care at FCI-Estill. Defendants filed a motion to dismiss, or in the alternative, for summary judgment on August 17, 2009. Plaintiff, because he is proceeding pro se, was advised on August 18, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion could result in the dismissal of his petition. Plaintiff filed motions for extensions of time to respond on September 4 and October 13, 2009, which were granted. See Docs. 15, 16, 18, 19, and 20. On November 4, 2009, Plaintiff filed a third motion for an extension of time to respond to Respondents' motion. Doc. 22. He requested an additional sixty days. On

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

November 9, 2009, the undersigned granted in part and denied in part Plaintiff's motion, allowing Plaintiff until December 9, 2009 to file his response. Doc. 23.

On December 9, 2009, Plaintiff filed a motion to dismiss without prejudice. Defendants filed a response on December 21, 2009. Plaintiff argues that his motion should be granted because he is unable to meet the deadlines imposed in this action as he has not been able to obtain certain documents he requested pursuant to the Freedom of Information Act, he only has access to a small library, the copy machine at his institution has not worked for three weeks, and he has been unable to obtain counsel to represent him. On December 21, 2009, Defendants filed a response in which they state that "they defer to the Court under Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987) and Ellett Bros., Inc. v. United States Fidelity & Guar. Co., 275 F.3d 384, 388 (4th Cir. 2001)(citing S.A. Andes v. Versant Corp., 788 F.2d 1033 (4th Cir. 1986))."

Under Rule 41(a)(2), FRCP, a district court may dismiss an action "at the plaintiff's request only by court order, on terms that the court considers proper." Rule 41(a)(2), FRCP. "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d at 1273. "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." Id. "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d at 1036.

Here, Defendants have not shown that they would be unfairly prejudiced if this action is dismissed without prejudice. Thus, it is recommended that Plaintiff's motion to dismiss be granted.

2

## CONCLUSION

Based upon review of the record, it is recommended that Plaintiff's motion to dismiss without prejudice (Doc. 25) be **granted**, and that Defendants' motion for summary judgment (Doc. 9) be denied as **moot**.

Joseph R. McCrorey
United States Magistrate Judge

January 29, 2010
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).